ROBERT  O.  FULLER  &  another  *vs.*  JOHN  S.  MILLER  &  another.

To maintain assumpsit for goods sold and delivered against two defendants, the
plaintiff must show a joint promise by the defendants.

Proof that the goods were delivered upon the credit of one of the defendants as
original promisor is not sufficient to bind both.

ON  EXCEPTIONS  to  the  ruling  of  *Goddard*,  J.,  of  the  superior
court  in  and  for  the  county  of  Cumberland.

The  action  was  tried  by  the  judge  without  the  intervention  of  a
jury,  subject  to  exceptions.

Before  the  trial  the  defendant's  attorney  withdrew  his  appear-
ance  for  B.  B.  Miller,  one  of  the  defendants,  who  was  thereupon
defaulted.    The  exceptions  recite :

" It  was  proved  that  the  plaintiffs,  on  Sept.  30,  1868,  by  their
agent,  Elliott,  sold  the  quantity  of  tin  mentioned  in  the  writ,  of  the
value  of  $375.07 ;  that  it  was  received  on  the  next  day  by  B.  B.
Miller,  then  a  tin-roofer,  and  by  him  used ;  and  that  early  in
November  payment  was  demanded  of  B.  B.  Miller,  but  nothing  paid.

" The  judge  found,  as  matter  of  fact,  that  it  was  also  proved
that  the  defendant,  John  S.  Miller,  father  of  B.  B.  Miller,  being  in
the  latter's  shop  on  Sept.  30,  1868,  promised  the  plaintiff's  agent,
then  present,  that  if  they  would  send  the  tin  to  B.  B.  Miller,  he,
John  S.  Miller,  would  see  them  paid  in  thirty  days ;  and  that  after
the  expiration  of  the  thirty  days  after  said  tin  had  been  delivered

Fuller v. Miller.

to B. B. Miller upon the strength of said promise, the plaintiffs first demanded payment of B. B. Miller, and soon after and before suit, of John S. Miller.

" And, further, that the tin was delivered to B. B. Miller on the credit of John S. Miller as an original promisor."

The judge ruled as matter of law that,

I. The defendant not having pleaded the statute of frauds, cannot avail himself thereof in defense ;

II. That, independent of the pleadings, the foregoing promise of John S. Miller is not within the statute of frauds ; and

III. That John S. Miller is liable to the plaintiffs for the price of the tin and interest from the date of the writ.

To all the rulings in law the defendant alleged "exceptions.

*J. O. Donnell*, for the defendant, J. S. Miller.

*Davis & Drummond*, for the plaintiffs.

APPLETON, C. J.    This is an action of assumpsit for goods sold and delivered the defendants.    To maintain it the plaintiffs must show a joint promise.

The presiding justice found that the goods were sold and delivered upon the credit of John S. Miller as original promisor.    He does not find a joint promise nor facts from which a joint promise could be inferred.    Indeed, the finding that the goods were delivered upon the credit of John S. Miller as original promisor, impliedly negatives liability on the part of any one else.    Under the facts as found, John S. Miller alone is liable.        *Exceptions sustained.*

CUTTING, KENT, WALTON, and DICKERSON, JJ., concurred.